■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRACY DURDEN, Appellant. [941 NYS2d 842]—Judgment of resentence, Supreme Court, New York County (Lewis Bart Stone, J.), rendered March 24, 2011, resentencing defendant, as a second violent felony offender, to a term of 12 years, with five years' postrelease supervision, unanimously affirmed.

The resentencing proceeding imposing a term of postrelease supervision was neither barred by double jeopardy nor otherwise unlawful (*see People v Lingle,* 16 NY3d 621 [2011]). Concur— Mazzarelli, J.P., Catterson, DeGrasse, Manzanet-Daniels and Román, JJ.

■ DIANE FISHER, Respondent, v TERESITA MASCARDO, Appellant. [942 NYS2d 332]—

Judgment, Supreme Court, New York County (Donna M. Mills, J.), entered February 24, 2011, awarding plaintiff damages, and bringing up for review an order, same court and Justice, entered February 9, 2011, which determined, following a collateral source hearing, that the verdict of the jury in favor of plaintiff totaling $358,480 was to be offset by a total of $8,210, resulting in an award for damages in the amount of $350,270 plus statutory interest from the date of loss, unanimously affirmed, with costs.

In this action for recovery of damages to plaintiff's vintage and antique clothing collection, defendant failed to demonstrate by clear and convincing evidence that there was a direct, close correspondence, i.e., a match, between the collateral source payments and the items of loss to be replaced (*Johnson v New York City Tr. Auth.,* 88 AD3d 321, 327-328 [2011]). Defendant failed to show a "match" on the actual value of the items lost, the value of the items as awarded by the jury, and the amount paid by the insurance company. Under these circumstances, there was simply insufficient evidence to show that plaintiff had received a windfall or double recovery. Concur—Mazzarelli, J.P., Catterson, DeGrasse, Manazanet-Daniels and Román, JJ.